IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | : | |
|---|---|---|
| CRISPINA ORTIZ LOPEZ, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| DALTON HOSPITALITY | : | |
| HOTEL SERVICES, LLC, and | : | |
| GUATAM NANDA, | : | |
| | : | |
| Defendants. | | |

## COMPLAINT

Plaintiff Crispina Ortiz Lopez ("Lopez") brings this Complaint against Defendants Dalton Hospitality Hotel Services, Inc. ("Dalton Hospitality") and Guatam Nanda ("Nanda") (collectively "Defendants") as follows:

### 1. INTRODUCTION

1.

Lopez brings this action because Defendants' practice of paying her based on the number of rooms cleaned often brought her effective rate below the FLSA minimum wage. In addition, Defendants never paid Lopez the required overtime premium when she worked more than forty hours in a given week.

## 2. JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Dalton Hospitality is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## 3. THE PARTIES

4.

Lopez resides in Whitfield County, Georgia.

5.

At all times material hereto, Dalton Hospitality has been an "employer" of Lopez as defined in FLSA § 3(d), 29 U.S.C. §203(d).

6.

At all times material hereto, Lopez has been an "employee" of "Dalton Hospitality" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

Dalton Hospitality is a domestic limited liability company organized under the laws of the State of Georgia.

8.

Dalton Hospitality is subject to the personal jurisdiction of this Court.

9.

Dalton Hospitality may be served with process through its registered agent Naren Patel at 130 Misty Meadows Lane, Ringgold, Georgia 30736.

10.

Nanda is a resident of Georgia.

11.

Nanda is subject to the personal jurisdiction of this Court.

12.

Nanda can be served with process at 422 Fort Trace, Lookout Mountain, Georgia 30750 or wherever he may be found.

4. **INDIVIDUAL COVERAGE:**

13.

From on or about January 2015 until May 5, 2017 present date ("the Relevant Time Period"), Lopez was "engaged in commerce" as an employee of Dalton Hospitality as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1) in that, among other actions, she was employed by a hotel that serves persons who travel in interstate commerce.

5. **ENTERPRISE COVERAGE:**

14.

During the Relevant Time Period, Dalton Hospitality was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

15.

During 2015, Dalton Hospitality had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2016, Dalton Hospitality had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2017, Dalton Hospitality had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During the Relevant Time Period, two or more employees of Dalton Hospitality handled "goods or materials" for the business purposes of Dalton Hospitality: towels, uniforms, rags, cleaning supplies, vacuums, mops, brooms, etc.

19.

During 2015, Dalton Hospitality had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2016, Dalton Hospitality had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2017, Dalton Hospitality had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2015, Dalton Hospitality had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During 2016, Dalton Hospitality had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

During 2017, Dalton Hospitality had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

At all times material hereto, Dalton Hospitality was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

6. **STATUTORY EMPLOYER ALLEGATIONS**

26.

At all times material hereto, Dalton Hospitality was an "employer" of Lopez as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

27.

At all times material hereto, Lopez was an "employee" of Dalton Hospitality as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

28.

At all times material hereto, Nanda exercised control over the work activities of Lopez.

29.

At all times material hereto, Nanda was involved in the day-to-day operation of Dalton Hospitality.

30.

At all times material hereto, Dalton Hospitality vested Nanda with supervisory authority over Lopez.

31.

At all times material hereto, Nanda exercised supervisory authority over Lopez.

32.

At all times material hereto, Nanda scheduled Lopez's working hours or supervised the scheduling of Lopez's working hours.

33.

At all times material hereto, Nanda exercised authority and supervision over Lopez' compensation.

34.

At all times material hereto, Nanda was an "employer" of Lopez as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

35.

At all times material hereto, Lopez was an "employee" of Nanda as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7. **EXEMPTION ISSUES AND FACTUAL ALLEGATIONS:**

36.

Defendants employed Lopez as a hotel maid from March 2009 through May 5, 2017.

37.

During the Relevant Time Period, Lopez performed services for Dalton Hospitality at the Hilton Garden Inn in Dalton, Georgia.

31.

At all times material hereto, Nanda exercised supervisory authority over Lopez.

32.

At all times material hereto, Nanda scheduled Lopez's working hours or supervised the scheduling of Lopez's working hours.

33.

At all times material hereto, Nanda exercised authority and supervision over Lopez' compensation.

34.

At all times material hereto, Nanda was an "employer" of Lopez as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

35.

At all times material hereto, Lopez was an "employee" of Nanda as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7. **EXEMPTION ISSUES AND FACTUAL ALLEGATIONS:**

36.

Defendants employed Lopez as a hotel maid from March 2009 through May 5, 2017.

37.

During the Relevant Time Period, Lopez performed services for Dalton Hospitality at the Hilton Garden Inn in Dalton, Georgia.

38.

During the Relevant Time Period, Lopez's primary duty was to perform housekeeping services on behalf of Dalton Hospitality.

39.

At all times material hereto, the work performed by Lopez was integral to Dalton Hospitality's business purpose.

40.

At all times material hereto, Lopez was not paid on a salary basis.

41.

At all times during the Relevant Time Period, Lopez was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

42.

At all times material hereto, Lopez was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

43.

At all times material hereto, Dalton Hospitality did not employ Lopez in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

44.

At all times material hereto, Dalton Hospitality did not employ Lopez in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

45.

At all times material hereto, Dalton Hospitality did not employ Lopez in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

46.

At all times material hereto, Dalton Hospitality did not employ Lopez in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

47.

During the Relevant Time Period, Defendants did not compensate Lopez on an hourly basis.

48.

During the Relevant Time Period, Defendants compensated Plaintiff at a rate of $5.50 per hotel room.

49.

During the Relevant Time Period, Lopez completed an "Attendant Assignment Sheet" for each room she cleaned.

50.

During the Relevant Time Period, the time Lopez spent cleaning each assigned hotel room varied.

51.

During the Relevant Time Period, Dalton Hospitality was aware or should have been aware of the actual number of hours that Lopez worked during each work week.

52.

At all times relevant from January 2015 through May 5, 2017, Lopez regularly worked in excess of 40 hours during most work weeks.

53.

At all times relevant from January 2015 through May 5, 2017, Lopez regularly worked 7 days during most work weeks.

54.

At all times relevant from January 2015 through May 5, 2017, Lopez regularly worked 56.5 hours during most work weeks.

55.

At all times relevant from January 2015 through May 5, 2017, Defendants paid Lopez a rate per room, regardless of the number of hours she worked each week.

56.

Defendants knew or should have known that the FLSA applied to Lopez.

57.

During the Relevant Period, Defendants failed to compensate Lopez at a rate of $7.25 per hour for each hour she worked.

58.

At all times relevant from January 2015 through May 5, 2017, Defendants failed to pay Lopez the overtime premium for each hour she worked in excess of 40 hours during each work week.

59.

During the Relevant Time Period, Dalton Hospitality failed to compensate Lopez at one and one half times her regular hourly rate for each hour she worked in excess of 40 hours during each work week.

### COUNT I - FAILURE TO PAY MINIMUM WAGE

60.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

61.

At all times material hereto, Lopez was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

62.

At all times material hereto, Defendants failed to compensate Lopez at an hourly rate above or equal to the minimum wage.

63.

At all times material hereto, Defendants willfully failed to compensate Lopez at an hourly rate above or equal to the FLSA minimum wage.

64.

Lopez is entitled to payment of minimum wages by Defendants, jointly and severally, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

65.

As a result of Defendants' willful underpayment of minimum wages as alleged above, Lopez is entitled to an award of liquidated damages from Defendants, jointly and severally, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

66.

As a result of its underpayment of minimum wages as alleged above, Defendants are jointly and severally liable to Lopez for her costs of litigation, including her attorney's fees, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## 8. COUNT II — FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS

67.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

68.

At all times material hereto, Lopez has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

69.

During her employment with Dalton Hospitality, Lopez regularly worked in excess of forty (40) hours each week during the period from January 2015 through May 5, 2017.

70.

Dalton Hospitality failed to pay Lopez at one and one-half times her regular rate for work in excess of forty (40) hours in any week from approximately from January 2015 through May 5, 2017.

71.

Dalton Hospitality willfully failed to pay Lopez at one and one-half times her regular hourly rate for work in excess of forty (40) hours in any week from approximately from January 2015 through May 5, 2017.

72.

Lopez is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

73.

As a result of the underpayment of overtime compensation as alleged above, Lopez is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

74.

As a result of the underpayment of overtime compensation as alleged above, Lopez is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wages due under the FLSA, plus an additional like amount in liquidated damages;
2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;
3. That Plaintiff be awarded costs of litigation, including her reasonable attorneys' fees from Defendants; and
4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC*

| | |
|---|---|
| 3100 CENTENNIAL TOWER<br>101 MARIETTA STREET<br>ATLANTA, GEORGIA 30303<br>(404) 979-3150<br>(404) 979-3170 (f)<br>charlesbridgers@dcbflegal.com<br>kevin.fitzpatrick@dcbflegal.com | */S/CHARLES R. BRIDGERS*<br>CHARLES R. BRIDGERS<br>GA. BAR NO. 080791<br><br>*/S/ KEVIN D. FITZPATRICK, JR.*<br>KEVIN D. FITZPATRICK, JR.<br>GA. BAR NO. 262375<br><br>COUNSEL FOR PLAINTIFF |